From C. P. Addams, Harrisburg, Pa.

---

## Sinopoli v. Armstrong.

*Motor-vehicle law—Red light in rear—Act of June 14, 1923.*

1. Section 17 of the Act of June 14, 1923, P. L. 718, which requires every motor-vehicle to display a red light in the rear, applies only when the vehicle is being driven on the highway or is standing parked along it, and not to a motor-cycle being pushed along the highway to a street light in order to ascertain what caused its machinery to stop.

2. The failure to show a tail light does not make a motor-vehicle driver liable for an accident where this could not have been a contributing cause to the accident.

Rule for a new trial. C. P. Lancaster Co., Dec. T., 1924, No. 32.

*George F. Hambright* and *John E. Malone*, for defendant and rule.

*Paul A. Mueller*, contra.

HASSLER, J., Jan. 15, 1927.—The only reason for a new trial insisted upon on the argument of this rule for a new trial is that we erred in instructing the jury that the law did not require the plaintiff to have a light on the rear of his motorcycle burning when he was taking it to a street light to see what caused it to stop. The undisputed facts shown by the testimony at the trial are as follows: On Oct. 21, 1924, about 10.30 P. M., the plaintiff, with two companions, was riding a motorcycle eastwardly on the Lincoln Highway. When at a point just west of the city limits the motorcycle stopped. With the help of his companions he pushed it to the side of the highway near the gutter on his right side of the road. They then pushed it up towards a street light to examine it for the purpose of ascertaining what caused it to stop. The road was well lighted by a big street light about forty or fifty yards away, so that any one using the road could see what was on or near it. While

Sinopoli *v.* Armstrong.

pushing the motorcycle along the side of the road near the gutter, the defendant in an automobile, with two companions, going very rapidly, ran into the plaintiff and his companions, injuring the plaintiff and damaging the motorcycle.

The plaintiff and his two companions testified that the lights on the motorcycle, including the tail light, were burning. The defendant and his two companions testified that they did not see the tail light on the motorcycle. Two of them testified that one of the men with the plaintiff was at the rear of the motorcycle pushing it, so that, even if the light was burning, they could not have seen it. The defendant was asked, "Was there a light; could you see a light on the motorcycle," to which he answered, "No, sir; not a light." As we have said, he explained that one of the men was at the back of the motorcycle pushing it, so that his reply to the question meant that he could not see a light on the motorcycle and not that there was no light there. He also testified that sometime after the accident he examined the motorcycle and there was no light on it.

Section 17 of the Act of June 14, 1923, P. L. 718 (742), amending section 20 of the Act of May 16, 1921, P. L. 582, reads in part as follows: "Every motor-vehicle, including motorcycles, shall also, whether standing or in motion, display one red light in the rear thereof."

We do not understand this to mean that such red light must be displayed on the rear of a motorcycle when it is, as was the case here, being pushed to a street light to ascertain what was the matter with it when it could not be operated. If this is required, a motorcycle could not legally be moved, as this one was, to a street light for examination when, as is often the case, anything happens to it that caused the lights to go out. That would be a most unreasonable construction. It means, in our opinion, that it is required to have a red light on the rear of the motor-vehicle when it is in motion on a public highway by being operated, that is, driven, or when it is standing parked along it, and not when being pushed to a street light for examination after it could not be operated.

But even though we are in error in this construction of the act, our instructions to the jury, that the plaintiff was not required to have a tail light on his motorcycle burning when it was being pushed to the street light for examination, did the defendant no harm, first, because there is no testimony that would have justified the jury in finding that no tail light was burning. The testimony of the defendant and his companions that they did not see such a light, in connection with their explanation why they could not have seen it if one was there, viz., because one of the men pushing it was in the rear of the car, would not have justified such finding in the face of the fact that the plaintiff and two witnesses who did see it testified that such a light was burning; and, secondly, because, even though it was not burning, its failure to do so could not have contributed to the accident, because the road was well lighted, the motorcycle was within forty or fifty feet of a bright street light, and the light from defendant's car furnished abundant light for the defendant to have seen the motorcycle if he had exercised reasonable care before running into it. A tail light would not have added to the defendant's ability to see the motorcycle.

It was the defendant's duty to see what could be clearly seen on the highway upon which he was traveling, and the failure to have a tail light burning under all these circumstances was not a contributing cause to the accident.

The rule for a new trial is, therefore, discharged.

From George Ross Eshleman, Lancaster, Pa.